IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| 3M COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| BRANDON D'HAENENS, HALF | § | |
| DENTAL, INC., and JET SET BONANZA, | § | |
| LLC, d/b/a 3MPLANTS, INC., | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION,
CYBERSQUATTING, UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

Plaintiff 3M Company ("3M"), appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1.     This is an action for trademark infringement, dilution, cybersquatting, and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); trademark dilution under the Anti-Dilution Statute of Minnesota, MINN. STAT. § 333.285; trademark infringement and unfair competition under the common law of Minnesota; and unjust enrichment.

2.     This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121; pursuant to Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338; and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3.     The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Therefore, this Court

also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## PARTIES

4.     3M is a Delaware corporation having its principal place of business at 3M Center, 2501 Hudson Road, St. Paul, Minnesota 55144.

5.     3M is informed and believes, and on that basis alleges, that Defendant Brandon D'Haenens is a citizen of Nevada residing at 609 Los Feliz Street, Las Vegas, Nevada 89110. On information and belief, Brandon D'Haenens is President, Director, Secretary, and Treasurer of Half Dental, Inc., and is a Managing Member of Jet Set Bonanza, LLC.

6.     3M is informed and believes, and on that basis alleges, that Defendant Half Dental, Inc. ("Half Dental") is a Nevada corporation with a principal place of business at 2605 South Decatur Boulevard, Suite 116, Las Vegas, Nevada 89102.

7.     3M is informed and believes, and on that basis alleges, that Defendant Jet Set Bonanza, LLC ("Jet Set") is a Nevada limited liability company with a principal place of business at 2605 South Decatur Boulevard, Suite 116, Las Vegas, Nevada 89102 (the same address as Half Dental).

8.     Brandon D'Haenens, Half Dental, and Jet Set are referred to collectively herein as "Defendants."

## FACTS

### A.     3M'S BUSINESS AND TRADEMARKS

9.     3M owns the mark and trade name 3M, as well as various other marks and names that include 3M (the "3M Mark"). 3M commenced use of the 3M Mark, in commerce which may lawfully be regulated by Congress, at least as early as 1906. Since that time, 3M has continuously used the 3M Mark in commerce.

10.    3M is one of the world's most diversified companies. Over the years, 3M has expanded its use of the 3M Mark and presently offers more than 50,000 products and services in a wide variety of fields under the 3M Mark.

11.    One of 3M's businesses is its dental business, through which it offers numerous products to dentists, dental laboratories, dental implant technicians, and others associated with the dental industry. Through its 3M ESPE Dental Products division, 3M manufactures and markets more than 2,000 products for use in the dental industry. These products include, but are not limited to, dental implants, dental restorative materials, dental crowns and veneers, and composites for filling cavities in teeth and cosmetic improvements. The 3M ESPE Dental Products division has a worldwide reputation in the dental industry, offering numerous "first-ever" products and services under the 3M Mark.

12.    Over the years, 3M has also operated through a large number of other names and entities bearing the 3M Mark in connection with a wide variety of goods, services, and markets, such as 3M Export Sales, 3M Automotive Industry Center, 3M Health Care, 3M Medical Products Group, 3M Document Systems, 3M Marine Trades Project, 3M Sound Products, 3M Life Sciences Sector, 3M Meeting Management Institute, and 3M Global Trading, Inc.

13.    For decades, 3M has also used the 3M Mark in connection with its charitable underwriting activities across the country through its 3M Foundation and in connection with the sponsorship of arts, education, healthcare, and environmental activities and causes.

14.    For many years, 3M has displayed the 3M Mark as a part of the following logo design displaying "3M" in red block Helvetica letters:



This logo is used in connection with almost every 3M product and service, and is displayed prominently on 3M's website at www.3m.com. Representative printouts from 3M's website are attached hereto as Exhibit A.

15.     The 3M ESPE Dental Products division also uses the red 3M logo in addition to the word ESPE in black letters, as shown below:

**3M** ESPE

3M uses this logo prominently on its website and in promotional materials relating to its dental products. Representative printouts from the 3M ESPE website are attached hereto as Exhibit B.

16.     3M has developed an enormous amount of goodwill in its 3M Mark and has established an excellent business reputation.  The 3M Mark is extremely well-known and respected by consumers, including consumers of its dental products.  The 3M Mark represents products indicative of 3M's commitment to providing high-quality, innovative products and services to consumers.

17.     The 3M Mark is inherently distinctive and serves to identify and indicate the source of 3M's products and services to the consuming public.

18.     As a result of the long use and promotion of the 3M Mark by 3M, the 3M Mark has become distinctive to designate 3M, to distinguish 3M and its products and services from those of other businesses, and to distinguish the source or origin of 3M's products and services. As a result of these efforts by 3M, the consuming public in Minnesota and throughout the United States widely recognizes and associates the 3M Mark with 3M and its diverse offering of products and services.

19.    The 3M Mark is famous throughout the United States, including in Minnesota, and is highly distinctive.

20.    The 3M Mark is widely recognized by the general consuming public of the United States as a designation of source of 3M's goods and services.

21.    The 3M Mark is well known to dentists, dental implant technicians, and others in the dental industry.

22.    As a result of 3M's long use and promotion of the 3M Mark in Minnesota and elsewhere, 3M has acquired valuable common law rights in the 3M Mark.

23.    In accordance with federal law, 3M has registered the 3M Mark on the Principal Register of the United States Patent and Trademark Office.  3M now owns hundreds of U.S. registrations for the 3M mark for numerous products and services, including many in the dental field.  3M's registrations for the 3M Mark include the following registrations:

| REG. NO. | REG. DATE | GOODS |
|---|---|---|
| 793,456 | 7/27/65 | Dental restorative materials |
| 1,079,776 | 12/20/77 | Discs for finishing and polishing dental restorations |
| 1,180,792 | 12/8/81 | Composite material useful for filling teeth |
| 1,197,184 | 6/8/82 | Parts of dental machines – namely, mandrels for abrasive disks |
| 1,203,463 | 8/3/82 | Finishing and polishing discs for dental use |
| 1,254,301 | 10/18/83 | Dental impression material used for fabricating crowns and recording occlusion |
| 1,410,097 | 9/23/86 | Adhesive for dental use |
| 1,418,119 | 11/25/86 | Ceramic primer used in repairing dental crowns and bridges |

| REG. NO. | REG. DATE | GOODS |
|---|---|---|
| 1,483,017 | 4/5/88 | Glass ionomer powder and liquid for lining cavity preparations in teeth |
| 3,398,329 | 3/18/08 | Dental apparatus, namely, intra-oral light systems for curing dental materials, ceramic used in making dental crowns, bridges and other restoratives; dental instruments and kits comprised of such instruments, namely, mandrels, burs, discs, cups, wheels, points, brushes and abrasive strips used to grind, polish or finish dental restoratives; dental instruments, namely, scissors, crimping pliers, contouring pliers and impression trays; electronic mixers for dental compounds; applicators and dispensers for dental primers, cements, adhesives, impression materials and restorative materials; glass-fiber posts used in dental restorative procedures; and dental prophylaxis angles and dental prophylaxis cups for use in cleaning teeth and dental hygiene procedures (and other goods) |

These registrations are valid and subsisting, and most are incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of these registrations are attached hereto as Exhibit C.

**B.    DEFENDANTS' INFRINGING ACTIVITIES**

24.    Defendants offer dental restorative services, dental implants, and dental crowns and veneers, among other products and services.

25.    Defendants promote their dental implant products and services under the mark 3MPlants and trade name "3MPlants, Inc." (the "Infringing Mark") by way of a social network for patients and dentists. The social network, which allows dentists and patients to interact, is offered at Defendants' website www.3mplants.com. The Infringing Mark is prominently displayed on that site. Representative printouts from the website are attached hereto as Exhibit D.

26.     Members of Defendants' social network include at least two residents of the State of Minnesota.

27.     Defendants also sell dental implant products on their "sister" website www.identalfy.com.  The Infringing Mark and a link to the website www.3mplants.com are displayed on that site.  Representative printouts from the website are attached hereto as Exhibit E.  On information and belief, Defendants own and operate both www.3mplants.com and www.identalfy.com.

28.     Defendants display the Infringing Mark in a typestyle and colors highly similar to those used by 3M in its 3M and 3M ESPE logos.  For example, in connection with an application Defendants filed to register the trademark "iDentalfy" with the United States Patent and Trademark Office, Defendants submitted a specimen of use displaying the following image of the Infringing Mark:



A true and correct copy of Defendants' specimen is attached hereto as Exhibit F.

29.     Defendants also prominently display the Infringing Mark on their websites www.3mplants.com and www.identalfy.com.  A representative image of Defendants' Infringing Mark as presented on their websites is shown below:

**3MPlants™**

30.     Defendants are not affiliated with or sponsored by 3M and have not been authorized by 3M to use the 3M Mark or any confusingly similar mark.

31.      Defendants began using the Infringing Mark long after the 3M Mark became famous.

32.      3M has notified Defendants of 3M's rights and demands, and has made numerous attempts to resolve this dispute with Defendants.  Defendants have rejected 3M's demands, and informed 3M that they would "accept and entertain proposals of association and/or 'buy-out' from 3M Company."  Despite 3M's attempts to resolve this matter with Defendants amicably, Defendants continue to use the Infringing Mark in blatant disregard of 3M's trademark rights.

## C.    EFFECT OF DEFENDANTS' ACTIVITIES

33.      Defendants' offering of products and services using the Infringing Mark in Minnesota constitutes transacting business in Minnesota.

34.      Defendants' unauthorized use of the Infringing Mark is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendants with 3M, or as to the origin, sponsorship, or approval of Defendants' products and services by 3M.

35.      Defendants' unauthorized use of the Infringing Mark falsely designates the origin of their products, and falsely and misleadingly describes and represents facts with respect to Defendants and their products and services.

36.      Defendants' unauthorized use of the Infringing Mark enables Defendants to trade on and receive the benefit of goodwill built up at great labor and expense by 3M over many years, and to gain acceptance for their products not solely on their own merits, but on the reputation and goodwill of 3M, its 3M Mark, and its products and services.

37.      Defendants' unauthorized use of the Infringing Mark is likely to cause and is causing dilution of the distinctive quality of 3M's famous 3M Mark.

38.    Defendants' unauthorized use of the Infringing Mark unjustly enriches Defendants at 3M's expense.

39.    Defendants' unauthorized use of the Infringing Mark is likely to injure 3M's business reputation.

40.    Defendants' unauthorized use of the Infringing Mark removes from 3M the ability to control the nature and quality of products and services provided under the 3M Mark and places the valuable reputation and goodwill of 3M in the hands of Defendants, over whom 3M has no control.

41.    Unless these acts of Defendants are restrained by this Court, they will continue, and they will continue to cause irreparable injury to 3M and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

42.    3M repeats the allegations above as if fully set forth herein.

43.    The acts of Defendants complained of herein constitute infringement of the federally registered 3M Mark in violation of 15 U.S.C. § 1114(1).

44.    Defendants' acts complained of herein have been malicious, fraudulent, deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of 3M's rights in the 3M Mark, and with intent to cause confusion and to trade on 3M's vast goodwill in the 3M Mark. In view of the egregious nature of Defendants' infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL DILUTION

45.    3M repeats the allegations above as if fully set forth herein.

46.     Defendants' use in commerce of the Infringing Mark is likely to cause dilution by blurring or dilution by tarnishment of the famous 3M Mark in violation of 15 U.S.C. § 1125(c).

47.     Defendants willfully intended to trade on the recognition of the famous 3M Mark, and/or to harm the reputation of the famous 3M Mark.

### COUNT III: FEDERAL UNFAIR COMPETITION

48.     3M repeats the allegations above as if fully set forth herein.

49.     The acts of Defendants complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT IV: CYBERSQUATTING

50.     3M repeats the allegations above as if fully set forth herein.

51.     The 3M Mark was famous long prior to Defendants' registration of the domain name 3mplants.com.

52.     Defendants' domain name 3mplants.com is confusingly similar to and dilutive of the 3M Mark.

53.     Defendants registered and use the domain name 3mplants.com with a bad faith intent to profit from the famous 3M Mark.

54.     The acts of Defendants complained of herein constitute cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

### COUNT V: COMMON LAW TRADEMARK INFRINGEMENT

55.     3M repeats the allegations above as if fully set forth herein.

56.     The acts of Defendants complained of herein constitute trademark and trade name infringement in violation of the common law of the State of Minnesota.

### COUNT VI: COMMON LAW UNFAIR COMPETITION

57.     3M repeats the allegations above as if fully set forth herein.

58.     The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of Minnesota.

### COUNT VII:  DILUTION UNDER MINNESOTA LAW

59.     3M repeats the allegations above as if fully set forth herein.

60.     The acts of Defendants complained of herein constitute dilution of the 3M Mark in violation of MINN. STAT. § 333.285.

### COUNT VIII: UNJUST ENRICHMENT

61.     3M repeats the allegations above as if fully set forth herein.

62.     The acts of Defendants complained of herein constitute unjust enrichment of Defendants at the expense of 3M.

### PRAYER FOR RELIEF

**WHEREFORE,** 3M prays that:

(a)     Defendants, their officers, agents, servants, employees, attorneys, and all those persons who are in active concert or participation with any of them, be permanently enjoined and restrained from using the mark 3MPlants, the trade name 3MPlants, Inc., the domain name 3mplants.com, and any other mark, trade name, corporate name, or domain name that is confusingly similar to or likely to cause dilution of the 3M Mark, and from any attempt to retain any part of the goodwill misappropriated from 3M;

(b)     Defendants be ordered to transfer the domain name 3mplants.com to 3M, and that Defendants take all steps necessary to effect such transfer;

(c)     Defendants be ordered to file with this Court and to serve upon 3M, within thirty (30) days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(d)     3M recover all damages it has sustained as a result of Defendants' activities and that said damages be trebled;

(e)     An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to 3M, increased as the Court finds to be just under the circumstances of this case;

(f)     3M recover an award of statutory damages in the amount of $100,000, as provided in 15 U.S.C. § 1117(d);

(g)     3M recover its reasonable attorney fees;

(h)     3M recover its costs of this action and prejudgment and post-judgment interest; and

(i)     3M recover such other relief as the Court may deem appropriate.

### JURY DEMAND

3M demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

DATED: Nov. 19, 2010

Respectfully submitted,

By: _Hildy Bowbeer_
Hildy Bowbeer
Minnesota Bar No. 0063691
3M Innovative Properties Co.
3M Center, 220-9E-01
St. Paul, MN 55144
(651) 737-3194
hbowbeer@mmm.com

William G. Barber
bbarber@pirkeybarber.com
Texas Bar No. 01713050
Jered E. Matthysse
jmatthysse@pirkeybarber.com
Texas Bar No. 24072226
Pirkey Barber LLP
600 Congress Avenue, Suite 2120
Austin, Texas  78701
(512) 322-5200

ATTORNEYS FOR PLAINTIFF
3M COMPANY